Ron FULLER *v.* Jerry L. RUSSELL

92-15                                                    842 S.W.2d 12

Supreme Court of Arkansas
Opinion delivered November 16, 1992

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *Christopher O. Parker*, for appellant.

*Jerry L. Russell*, Pro Se.

DONALD L. CORBIN, Justice. This appeal is from a libel action filed by appellee, Jerry L. Russell, against appellant, Ron Fuller. Appellee is a political consultant. In the 1990 Republican Primary, he was hired as a consultant to the campaign of Daryl Coker in Coker's race against appellant for a seat in the Arkansas General Assembly. As part of his consultation to the Coker campaign, appellee prepared and distributed a postcard comparing the two candidates in areas such as the decision to run for various legislative positions, community leadership, business management, and views on taxes. In response to this comparison postcard, Fuller prepared and distributed to approximately 500 voters the following written message which states in pertinent part:

### NEGATIVE CAMPAIGN ALERT

With less than one week remaining, my opponent, Daryl Coker has chosen to DISTORT my good record in a comparison mail piece. He and his hired Political Consultant "MR. NEGATIVE" Jerry Russell blatantly misrepresented the facts regarding my service to your community and my voting record. THE ONLY THING THEY GOT RIGHT WAS MY NAME!

### HELP ME SEND NEGATIVE CAMPAIGNERS A MESSAGE!

I am not using a HIRED POLITICAL CONSULTANT, especially a NEGATIVE TACTICIAN such as Jerry Russell. Jerry is a Democratic Political Consultant and in this election cycle has (26 Democratic) candidates and (1 Republican), my opponent. Daryl has been mislead [sic] because DISTORTION and NEGATIVE campaigns are all Jerry Russell understands.

Let's show Mr. Negative, Jerry Russell and my opponent that the people of Western Pulaski County will not be fooled by distortions and negative campaign tactics. VOTE FOR RON FULLER ON MAY 29TH.

Appellee later filed suit against appellant, alleging appellant had libeled him as a result of the Negative Campaign Alert. Appellee claimed $10,000.00 in compensatory damages and $100,000.00 in punitive damages. Appellee tried his libel suit to a jury and received a verdict of $5,000.00 compensatory damages and $1,000.00 punitive damages. Judgment was entered according to the verdict. Appellant's motions for directed verdict and judgment notwithstanding the verdict were denied. This appeal followed.

For reversal of the judgment, appellant asserts three points of error. First, appellant claims his statements are ones of opinion rather than of provably false facts and are therefore protected speech. Second, appellant claims there is no substantial evidence from which the jury could have found actual malice. Third, appellant asserts there is no substantial evidence with reasonable certainty of damages to future income. We find merit to appellant's second argument and therefore reverse and dismiss the

judgment; we need not address appellant's remaining two assignments of error.

The trial court found that appellee was a limited public figure. Neither party challenges that finding on appeal. Both parties agree that under *Milkovich* v. *Lorain Journal Co.*, 497 U.S. 1 (1990), because the alleged defamatory statements are a matter of public concern, appellee had the burdens of proving the alleged defamatory statements false and, by clear and convincing evidence, that appellant made them with actual malice. Thus, the posture of the case presented to us is one involving a limited public figure plaintiff against a non-media defendant in a matter of public concern, a local political race.

Appellant maintains that his statements such as "Mr. Negative, Jerry Russell," "negative tactician," and "distortion and negative campaigns are all Jerry Russell understands" are expressions of opinion made within the context of a political campaign or matter of public concern and are not provable as false. In other words, appellant claims these statements are "opinions" of the kind protected in *Milkovich*, 497 U.S. 1. Appellant asserts there is only one statement in his "Negative Campaign Alert" that is not absolutely protected from the libel claim by the First Amendment:

> He [Daryl Coker] and his hired Political Consultant "MR. NEGATIVE" Jerry Russell blatantly misrepresented the facts regarding my service to your community and my voting record.

Appellant claims appellee never met his burden of proving the falsity of the foregoing statement or that the statement was made with actual malice. Appellee counters this argument with the assertion that he offered substantial evidence of the falsity of all the statements in the "Negative Campaign Alert" and of appellant's actual malice. We agree with appellant that appellee did not meet his burden of proving actual malice; therefore, we do not discuss the issue concerning protected speech as analyzed in *Milkovich*, 497 U.S. 1.

For purposes of addressing appellant's second argument then, our analysis is whether appellee met his burden of proving by clear and convincing evidence that the statements

were made with actual malice. Ordinarily, our standard of review would be whether the jury's verdict could be supported by substantial evidence. However, the Supreme Court has stated that when the First Amendment is involved, the appellate court is obligated to make an independent examination of the whole record to make sure the judgment does not constitute a forbidden intrusion on the field of free expression. *Bose Corp.* v. *Consumer's Union*, 466 U.S. 485 (1984). Because appellant's First Amendment right to free expression is at stake, we apply the higher standard of review.

■ In an attempt to define the actual malice standard, the Supreme Court has stated as follows:

> [T]he plaintiff in such an action must prove that the defamatory publication "was made with 'actual malice' — that is, with knowledge that it was false or with reckless disregard of whether it was false or not."
>
> . . . .
>
> These cases are clear that reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice.
>
> . .. . .
>
> The defendant in a defamation action brought by a public official[1] cannot, however, automatically insure a favorable verdict by testifying that he published with a belief that the statements were true. The finder of fact must determine whether the publication was indeed made in good faith.

*St. Amant* v. *Thompson*, 390 U.S. 727, 728, 731, 732 (1968).

---

[1] Although *St. Amant* applies to a public official, it nevertheless discusses actual malice, a standard which was extended to apply to public figures and matters of public concern by *Gertz* v. *Robert Welch, Inc.*, 418 U.S. 323 (1974).

■■ The question of whether the evidence in the record is sufficient to support a finding of actual malice is a question of law. *Harte-Hanks Communications, Inc.* v. *Connaughton*, 491 U.S. 657 (1989). Our review of the record reveals that appellant testified he believed his statements to be true. *St. Amant* instructs us that appellant's testimony that he believed he published the truth is of little consequence in making the actual malice determination. However, appellee simply failed to present any evidence of appellant's awareness of the probable falsity of the statements. Thus, we must conclude appellee failed to meet his burden of proving actual malice. The issue should never have reached the jury. We must reverse and dismiss for appellee's failure to prove actual malice.

■ Appellee makes a claim for attorney's fees and costs in his brief. He cites no authority authorizing such an award and the abstract does not indicate he presented his request for fees and costs to the trial court. Moreover, the abstract does not reveal that appellee cross-appealed from any judgment on the issue of fees and costs. Therefore, we do not address appellee's claim for attorney's fees and costs.

Reversed and dismissed.

BROWN, J., not participating.